UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNIVERSAL ADMINISTRATORS SERVICE, INC.				PLAINTIFF

v.										CIVIL ACTION NO. 3:11CV-32-S

VISTA MARKETING, LLC								DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Vista Marketing, LLC, to dismiss Count II of the Complaint alleging breach of fiduciary duty, and for a more definite statement concerning the claims for fraud (Count III) and indemnification (Count IV)(DN 7). The defendant's arguments will be addressed *seriatim*.

On December 4, 2008, the plaintiff, Universal Administrators Service, Inc. ("Universal"), and the defendant, Vista Marketing, LLC ("Vista"), entered into a Dealer Agreement whereby Vista was to sell Universal's Home Warranties in exchange for a per sign-up "bounty" fee, as described in the Agreement. Dealer Agr., ¶ 2(b). The Complaint alleges generally in Count I, a claim for breach of contract, that

> 13. Vista failed to use appropriate scripts with potential customers, misrepresented sales and alleged customers to Universal, over-billed Universal for such misrepresented sales and failed to provide appropriate substantiation of its purported sales.
> 14. As a result of the breach of the Dealer Agreement by Vista, Universal has lost substantial revenues in excess of the jurisdictional limitations of this Court.

I.  Breach of Fiduciary Duty

Count II of the Complaint adds nothing to the substance of Count I.  Count II states:

16.  The contracts and the relationship between the parties created a reciprocal fiduciary relationship between the parties herein.

17.  Vista breached its fiduciary duty to Universal.  As a result of Vista's breach of its fiduciary duties, Universal has sustained damages in excess of the jurisdictional threshold of this Court.

18.  Vista's breach of its duty was willful, intentional and was not made in good faith.

In order to overcome a motion to dismiss, Universal's claim must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  As explained in *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

There is no suggestion in the Complaint of any fiduciary relationship between these parties.  The Complaint alleges nothing more than that Vista contracted to sell Universal's home warranties for a fee.  The Dealer Agreement appended to the Complaint evidences a garden variety arms-length business arrangement.

Universal contends that fiduciary duties can arise between contracting parties where a relationship of trust or confidence is reposed in another in a given undertaking.  The fact that, in the abstract, fiduciary obligations *may arise* between contracting parties does nothing to answer the

criticism that Count II does not allege any facts which upon which to base an assertion that, in this instance, Vista had any fiduciary obligation to Universal.  Count II simply recites that a "fiduciary relationship" existed.  Under the *Twombly/Iqbal* standard, Count II fails to state a claim upon which relief may be granted.  Count II will be dismissed.

## II. Fraud and Indemnification

In alleging fraud, "a party must state with particularity the circumstances constituting fraud ...An allegation of time or place is material when testing the sufficiency of a pleading..." Fed.R.Civ.P. 9(b) and (f).

> Fed.R.Civ.P. 9(b) requires that averments of fraud must be stated with particularity. The Sixth Circuit reads this rule liberally, however, requiring a plaintiff, at a minimum to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *Ballan v. Upjohn Co.*, 814 F.Supp. 1375, 1385 (W.D.Mich. 1992)(citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988)).  However, "allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id.*  The threshold test is whether the complaint places the defendant on "sufficient notice of the misrepresentation," allowing the defendants to "answer, addressing in an informed way plaintiffs [sic] claim of fraud."  *Brewer [v. Monsanto Corp.,]* 644 F.Supp. [1267], 1273 [M.D.Tenn. 1986)].

*Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

Count III is devoid of any identifying information concerning alleged misrepresentations to Universal.  Count III states, in pertinent part:

> 20.  Vista made material representations to Universal by charging processing fees to certain individuals and informing Universal that such certain individuals agreed to sign up for Universal's home warranty program and pay the initial processing fee, and by claiming entitlement to payment from Universal for acquiring such alleged customer sign up.

21. Vista's material representations that certain individuals agreed to sign up as customers of Universal's home warranty program and agreed to pay the initial processing fee were false...

Universal has not identified when, where, or in what context the alleged false representations were made. It has not identified who made the representations or who those representations concerned. The fraud claim is simply insufficient under Rule 9(b).

The claim for indemnification is similarly deficient. While Count IV states that the Dealer Agreement provides for Vista to indemnify Universal "from any and all liability, claims, demands, causes of action and expenses, including costs and reasonable attorney fees, resulting from any act or omission of Vista" (Count IV, ¶ 27), the count states only generally that "[a]s a result of Vista's acts and omissions, third parties have asserted claims and made demands upon Universal," (Count IV, ¶ 28) causing it to incur attorney fees and other costs and causing Universal to suffer economic damages. (Count IV, ¶¶ 29, 30). This Count does not identify any facts upon which a claim for indemnification under the Dealer Agreement could be premised.

Motion having been made and for the reasons stated herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Vista Marketing, LLC, to dismiss and for a more definite statement (DN 7) is **GRANTED**, and Count II of the Complaint is **DISMISSED**. **IT IS FURTHER ORDERED** that the plaintiff, Universal Administrators Service, Inc., provide a more definite statement as to Count III and Count IV of the Complaint **within twenty-one (21) days from the date of entry of this order**, in accordance with Fed.R.Civ.P. 9(e) and this memorandum opinion.

**IT IS SO ORDERED.**  September 29, 2011



Charles R. Simpson III, Judge
United States District Court